Robert KLINGE, Plaintiff,

v.

**INTERNAL REVENUE SERVICE and William B. Jefferson, Defendants.**

No. 4:94–CV–122.

United States District Court,
W.D. Michigan,
Southern Division.

Aug. 1, 1995.

Robert Klinge, pro se.

Michael L. Shiparski, Asst. U.S. Attorney, Michael H. Dettmer, United States Attorney, Grand Rapids, MI, Charles H. Keen, Trial Attorney, U.S. Department of Justice, Tax Division, Washington, DC, for defendants.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This is an action alleging violation of the Freedom of Information Act ("FOIA"), Title 5 United States Code Sections 552 *et seq.*, and the Michigan Freedom of Information Act, Michigan Compiled Laws Sections 15.231 *et seq.* Before the Court is defendants' motion to dismiss or for summary judgment.

### I.

Plaintiff alleges that on June 20, 1994, he sent a FOIA request by certified mail to defendant William B. Jefferson, Chief of the Collections Branch of the Internal Revenue Service ("IRS"), Central Region. Plaintiff specifically requested of the IRS certified copies of: (1) Articles of Incorporation; (2) verification of ratification of all 50 states of the Sixteenth Amendment to the Constitution in its original wording; and (3) delegation of authority to the IRS to collect taxes. Plaintiff also requested a "release of tax levy of money and property and credits etc. in your possession until all of the above matters

have been dealt with according to the Freedom of Information Act." Plaintiff asserts that as of August 2, 1994, neither Jefferson nor the IRS answered his FOIA request.

Defendants respond that plaintiff's FOIA request was answered by letter of July 12, 1994, which appears to be a tailored form letter. The IRS did not supply any copies of the requested articles of incorporation, verification of ratification of the Sixteenth Amendment, and delegation of authority to collect taxes. However, the letter did explain that the Sixteenth Amendment and Title 26 of the United States Code authorized Congress to impose income taxes and also empowered the IRS to assess and collect those taxes. The letter also advised plaintiff that he could obtain a copy of Title 26 at a public library, a bookstore, or from the United States Printing Office. *See* Affidavit of Michael Ballentine, Acting Disclosure Officer for the Cincinnati, Ohio, Service Center of the IRS.

### II.

In reviewing a motion to dismiss, a court must accept all well-pleaded allegations of the complaint as true and construe them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Saylor v. Parker Seal Co.,* 975 F.2d 252, 254 (6th Cir.1992).

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 601 (6th Cir.1988). In ruling on a motion for summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

### III.

Defendants move to dismiss arguing that the Court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies and that plaintiff failed to state a claim upon which relief could be granted. They also move for summary judgment contending that there is no genuine issue of material fact that the requested documents do not exist as agency documents. The Court will consider defendants' argument for summary judgment first.

 An agency may meet its burden that it has not improperly withheld agency documents through affidavits that describe the method and scope of the agency's search. *Perry v. Block,* 684 F.2d 121, 127 (D.C.Cir. 1982); *Grove v. Department of Justice,* 802 F.Supp. 506, 509 (D.D.C.1992). An agency is not required to create records that do not exist to fulfill a request. *NLRB v. Sears, Roebuck & Co,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1932); *Yeager v. Drug Enforcement Administration,* 678 F.2d 315 (D.C.Cir. 1982). Generally, an agency record is a document that is either created or obtained by an agency and under agency control at the time of the FOIA request. *Department of Justice v. Tax Analysts,* 492 U.S. 136, 144–145, 109 S.Ct. 2841, 2847–2848, 106 L.Ed.2d 112 (1989); *Forsham v. Harris,* 445 U.S. 169, 182, 100 S.Ct. 977, 985, 63 L.Ed.2d 293 (1980).

In the present case, plaintiff made a FOIA request for particular documents. The IRS reviewed its records and concluded that it did not maintain the requested documents as agency records, as described in the affidavit of Charles B. Christopher. Although the IRS did not provide copies of the requested documents, it did respond to plaintiff's request in its letter of July 12, 1994, explaining its authority to collect taxes and offered other advice, such as where plaintiff could obtain a copy of the Internal Revenue Code.

Relying on *Hawkes v. Internal Revenue Service,* 467 F.2d 787 (6th Cir.1972), plaintiff simply argues that under Title 5 United States Code Section 552, material that clarifies an agency's substantive or procedural law are administrative in character and, therefore, disclosable. However, plaintiff has not presented any documentary materials indicating that the particular documents that he requested are agency records created or obtained by the IRS or otherwise under the control of the IRS. Moreover, the July 12, 1994, letter advised plaintiff where he could obtain a copy of the Internal Revenue Code. Accordingly, the Court will grant defendants' motion for summary judgment and enter judgment in favor of defendants. Because this is dispositive of plaintiff's claims, the Court need not consider defendants' other grounds for dismissal.